# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DAVID LEE SEBASTIAN, et al,**

    Petitioner,

vs.                                                                               Case No. 4:06mc56-RH/WCS

**MICHAEL C. OVERSTREET, et al,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a document titled:

> Verified Notice of Removal of Purported Criminal Prosecution
> Invocation of Foreign Sovereign Immunity Act
> Lack of personal Jurisdiction and Subject Matter Jurisdiction
> Timely Submitted Despite Lapse of More than Thirty Days after
> Service of Initial Pleading

Doc. 1. The pleading was hand delivered and assigned a miscellaneous case number on request of the person delivering it to the clerk, Larry Dean, who also paid the $39.00 fee for filing a miscellaneous case. *See also* doc. 1, p. 25 (asking that documents be sent to Dean).

Sebastian, hereafter Petitioner, asserts that he was falsely arrested on April 21, 2006.  *Id.*, pp. 2-3.  He is charged with offenses in the Circuit Court in Bay County, Florida, but has not yet been to trial.  *Id.*, p. 4.  Petitioner claims that there is no jurisdiction over him pursuant to the Foreign Sovereign Immunities Act (FSIA), as he filed a certificate of nationality and is a foreign state.  *Id.*, p. 5, citing 28 U.S.C. § 1602.  He declares, *inter alia* that "the organic Constitution" of Florida of 1838 "remains in full force and effect to date; to deny this fact is to admit the state of Florida is a conquered subjugated nation as of the time of the end of the war between the states and that Sebastian is a political prisoner of the 'United States' . . . ."  *Id.*, p. 7.

Petitioner supplies voluminous attachments, including the transcript of his pretrial conferences held on June 20 and July 18, 2006, before Judge Overstreet in Bay County.  Att. DD and EE.  He insists there as well that he is foreign, sovereign and immune.  The next pretrial conference was set for October 3, after which the court would schedule trial, probably in November of 2006.  Ex. EE, p. 14.

Saying something, even repeatedly, does not make it so.  Petitioner is an individual charged with committing a Florida offense while in Florida.  Whether or not he is a citizen of Florida or the United States, he does not have immunity from prosecution.  Aliens can be convicted of crimes and are subject to removal following conviction.  The FSIA is inapposite.  *Cf.* Republic of Austria v. Altmann, 541 U.S. 677, 691, 124 S.Ct. 2240, 2249, 159 L.Ed.2d 1 (2004) (the FSIA is "a comprehensive statute containing a 'set of legal standards governing claims of immunity in every *civil action* against a foreign state or its political subdivisions, agencies, or instrumentalities,'" and transfers responsibility for immunity determinations from the Executive to the Judicial Branch),

*quoting* Verlinden B.B. v. Central Bank of Nigeria, 416 U.S. 480, 488, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983) (emphasis added). The FSIA, *inter alia*, "grants federal courts jurisdiction over civil actions against foreign states, and over diversity actions in which a foreign state is the plaintiff . . . ." 541 U.S. at 691, 124 S.Ct. at 2249 (citations and footnote omitted). *See also* Enahoro v. Abubakar, 408 F.3d 877, 881-882 (7th Cir. 2005) (finding the FSIA does not apply to individuals connected with foreign governments; noting that even where it has been applied to individuals by other courts it is only where the individual was acting in his official capacity) (citations omitted); Velasco v. Government Of Indonesia, 370 F.3d 392, 398-399 (4th Cir. 2004) (FSIA extends to an individual acting in his official capacity on behalf of a foreign state, but not where the individual exceeds his authority) (collecting cases).

Perhaps Defendant is confusing this with diplomatic immunity under the Vienna Convention, which provides immunity from criminal prosecution. *See, e.g.*, United States v. Al-Hamdi, 356 F.3d 564, 569-573 (4th Cir. 2004) (Vienna Convention provides immunity from criminal jurisdiction of the receiving state to diplomatic agent and family members; State Department's certification that immunity of diplomat's son had expired was conclusive as it was based on reasonable interpretation of the convention, and issuance of A-1 visas alone did not confer immunity). But there is no allegation that Petitioner is entitled to such immunity or ever had a "diplomatic identification card, given to all persons with diplomatic immunity." *Id.*, at 568.

At its core, the pleading is a request to enjoin or interfere with a pending state prosecution. There is a "national policy forbidding federal courts to stay or enjoin pending state proceedings except under special circumstances." Younger v. Harris,

401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971) (footnote omitted); *see also* Kugler v. Helfant, 421 U.S. 117, 123, 95 S.Ct. 1524, 1530, 44 L.Ed.2d 15 (1975) (the Court in Younger "unequivocally reaffirmed 'the fundamental policy against federal interference with state criminal prosecutions,'" quoting Younger).[1]  "Accordingly, the [Younger] Court held that in the absence of exceptional circumstances creating a threat of irreparable injury 'both great and immediate,' a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution." 421 U.S. at 123, 95 S.Ct. at 1530.

> Although the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute "irreparable injury" in the "special legal sense of that term," the Court in *Younger* left room for federal equitable intervention in a state criminal trial where there is a showing of "bad faith" or "harassment" by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions," or where there exist other "extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment."  In [a companion case to *Younger*] the Court explained that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."
>
> The policy of equitable restraint expressed in *Younger v. Harris*, in short, is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.  Only if "extraordinary circumstances" render the state court incapable of fairly and fully adjudicating the federal issues

---

[1] Because the holding in Younger was based on the absence of necessary equitable factors, the Court did not consider whether 28 U.S.C. § 2283 "would in and of itself be controlling under the circumstances of this case." *Id.*, at 54, 91 S.Ct. at 755. As later explained by the Court, the policy discussion in Younger would have been completely unnecessary if § 2283 had been an absolute bar to an injunction.  Mitchum v. Foster, 407 U.S. 225, 230-231, 92 S.Ct. 2151, 2155-56, 32 L.Ed.2d 705 (1972).

> before it, can there be any relaxation of the deference to be accorded to the state criminal process.

421 U.S. at 123-124, 95 S.Ct. at 1530-31 (citations to Younger and other citations omitted); *see also* Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263, n. 7 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005) (quoting this language from Kugler).

Even if Petitioner had a colorable claim of immunity, the Florida courts could address it.[2]  There is no reason for this court to interfere with his prosecution.

It is therefore respectfully **RECOMMENDED** that the "Verified Notice of Removal" pleading, doc. 1, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 6, 2006.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] *Cf.* Nigerian Air Force v. Van Hise, 443 So. 2d 273, 275-276 (Fla. 3d DCA 1983) (addressing claim of immunity under FSIA); Van Den Borre v. State, 596 So.2d 687 (Fla. 4th DCA 1992) (addressing claim of diplomatic immunity in defense of murder charge, asserted by Belgian citizen and employee of Belgian Embassy).

Case No. 4:06mc56-RH/WCS